Homer N. COMEAU, et al., Appellants,

v.

CITY OF BROOKSIDE VILLAGE, et al., Appellees.

No. B2497.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 8, 1981.

Rehearing Denied May 6, 1981.

John A. Wright, Jr., Houston, for appellants.

William E. Kuhlmann, Manley, Hesson & Kuhlmann, Pasadena, for appellees.

Before COULSON, MILLER and MURPHY, JJ.

COULSON, Justice.

This case involves the constitutionality of two city ordinances of the City of Brookside Village. Appellants, Homer N. Comeau and Hazel A. Comeau, plaintiffs in the trial court, appeal from a judgment rendered in favor of defendant, appellee, City of Brookside Village. We affirm in part and reverse and render in part.

Appellants are the owners of a four acre lot in city of Brookside Village. In July of

1978, appellants presented a request to the city council that they be allowed to move their mobile home on to the property for use as their residence. The request was denied by the city council on August 3, 1978. On or about September 8, 1978, appellants moved the home onto their property. Appellants also have a store, icehouse, and storage sheds on the premises. Appellants brought this suit for injunctive relief and damages against the City of Brookside Village. After trial to the court, the court rendered its judgment that appellants take nothing and that appellants move their mobile home from its unauthorized location within sixty days from the final judgment.

At issue are Ordinances No. 58 and No. 78. Ordinance No. 58 pertains to mobile home parks and defines a mobile home as a portable vehicle constructed on a chassis and which has been designed so that it may be occupied and used without a permanent foundation. The trial court found that appellants' home is a mobile home and that finding is not challenged in this court. Ordinance No. 78 amended No. 58 and provides in section II, "[p]arking of mobile homes, camper buses, motor homes and camper trailers, for use as a residence, outside of a mobile home park shall be prohibited." Appellants attack the constitutionality of this ordinance on various grounds.

■ Appellants complain that the trial court erred in finding that Ordinances No. 58 and No. 78 are valid and constitutional as they bear no substantial relationship to the public health, safety, morals or general welfare. Appellants also assert that no evidence was presented to support a finding that mobile homes should be regulated in a different manner than on-site built structures. We agree. The right of a citizen to use his property as he chooses so long as he harms nobody is an inherent and constitutional right. *Spann v. City of Dallas*, 111 Tex. 350, 235 S.W. 513 (1921). The police power cannot be invoked for the abridgement of a particular use of private property unless such use threatens the public health, the public safety, the public comfort or welfare. *Id.* The mayor of City of Brook-

side Village, Eston Louis Boehm, Jr., testified that the City has no water or sewage facilities. Residents must install septic tanks and a health problem is created when too many septic tanks are in an area. The mayor stated the city wanted to limit mobile homes to mobile home parks because of the lack of sewage, water and fire protection. He stated the ordinance was for the safety and welfare of the citizens of the city. The mayor did state, however, that the requirements for utilities for a site-built house and a mobile home are the same. Don Marshall Rives, building official for the City of Brookside, also testified that there is no distinction between the functioning of a septic tank or water well at a mobile home or a site-built home. If the system were installed correctly, it could work just as well for either type of construction.

■ Appellee City has not shown that a threat to the public health is present if appellants have a mobile home outside of a mobile home park. The threat to the public health in City of Brookside occurs when too many septic tanks are too close to one another. The gumbo type soil in the area can not absorb all of the water and a health hazard results. The City can not restrict appellants in the free use of their property if no public interest is involved. There is also no justification here for distinguishing between an on-site built house and a mobile home. If appellants built a house on their property, they would not be in violation of the ordinance. Their on-site built house would require a septic system and water well. There is no increased threat to the public health when the same septic system and water well are used in conjunction with appellants' mobile home. Appellants' four acre tract is sufficiently large to accommodate a septic system and water well without the threat of any health hazard. We find that Ordinances No. 58 and No. 78 are an invalid exercise of the police power. The police power authorizes only such measures as are reasonable. *Lombardo v. City of Dallas*, 124 Tex. 1, 73 S.W.2d 475 (1934). An ordinance must be reasonable in its operation upon the persons whom it affects

and the means adopted must be reasonably necessary and appropriate for the accomplishment of a legitimate object. *Id.* The ordinances of City of Brookside unfairly restrict appellants' use of their property and no legitimate state interest is served.

We affirm the portion of the trial court judgment ordering that appellants take nothing. We reverse the judgment in so far as it decrees that Ordinances No. 58 and No. 78 are constitutional and that appellants must remove their mobile home from its unauthorized location. We render judgment that the ordinances are invalid and that appellants' mobile home may remain on their property.